**SEALED**

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
для the
Northern District of Texas

**FILED**
**July 8, 2022**
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| ARMANI MORRIS | ) | Case No. 3:22-MJ-697-BH |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 7, 2022__ in the county of __Dallas, Texas__ in the __Northern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 26 U.S.C. §§ 5841, 5845, and 5861(d). | Possession of an Unregistered Firearm (machinegun conversion device) |

This criminal complaint is based on these facts:

See the attached affidavit of ATF Special Agent Joseph Tessitore (incorporated here by reference).

☑ Continued on the attached sheet.

*Complainant's signature*
ATF S.A. JOSEPH TESSITORE
*Printed name and title*

Agent sworn and signature confirmed via reliable electronic means, pursuant to Fed. R. Crim. P. 4.1.

Date: July 8, 2022

*Judge's signature*

City and state: Dallas, Texas

IRMA CARRILLO RAMIREZ, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF SPECIAL AGENT JOSEPH TESSITORE
# IN SUPPORT OF APPLICATION FOR COMPLAINT/ARREST WARRANT

I, Joseph Tessitore, being duly sworn, depose and state as follows:

## INTRODUCTION

1. I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been employed by the ATF since May of 2017. I am presently assigned to the Dallas Field Division. As such, I am an investigative or law enforcement officer of the United States, within the meaning of 18 U.S.C. § 2510(7), and I am empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516. As a law enforcement officer, I have used and/or participated in a variety of methods investigating firearms and narcotics related crimes, including, but not limited to, visual surveillance, witness interviews, the use of search warrants, confidential informants, undercover agents, pen registers/trap and trace devices, and mobile tracking devices. From training and experience through other investigations I am familiar with machineguns and machinegun conversion devices.

2. This affidavit is made in support of an application for a criminal complaint and arrest warrant for Armani MORRIS (a black male, dob of XX/XX/2000)[1] for the offense of Possession of an Unregistered Firearm in violation of 26 U.S.C. §§ 5845 and 5861(d). I have probable cause to believe that MORRIS did knowingly possess one

---

[1] Affiant knows the full date of birth, but it is redacted here for purposes of complying with Federal Rule of Criminal Procedure 49.1 and it has been provided separately.

Glock switch (machinegun conversion device), in violation of 26 U.S.C. §§ 5845 and 5861(d).

3. This affidavit is based on my personal knowledge and information provided to me by other law enforcement officers who participated in this investigation. Since this affidavit is being submitted for the limited purpose of securing a complaint and arrest warrant, I have not included all facts known to me concerning this investigation. I have only set forth those facts that I believe are necessary to establish probable cause of violation of federal criminal offense, specifically 26 U.S.C. §§ 5841, 5845, and 5861(d).

## PROBABLE CAUSE

4. A machinegun conversion device – commonly referred to as a "switch" or "auto sear" – is a part, or combination of parts, designed and intended for use in converting into a machinegun a semiautomatic Glock pistol or an Assault Rifle (AR). A machinegun is a firearm under the National Firearms Act (NFA), 26 U.S.C. § 5845(a). A machinegun is defined as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." A machinegun is also defined, in pertinent part, as "any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun." 26 U.S.C. § 5845(b). Therefore, a conversion device (a.k.a. "switch" or "auto sear") is both a firearm and a "machinegun" under Title 26 even when it is not attached to a weapon.

5. Beginning in May 2022, an ATF undercover (UC) Special Agent began meeting with MORRIS for the purpose of purchasing firearms from MORRIS as part of

an investigation into potential violations of the Federal Gun Control Act. During a meeting on May 4, 2022, MORRIS asked the UC, "You dealin' with 'em fully-automatic?" The UC then asked MORRIS if he could get switches. MORRIS told the UC he didn't have any, but he knew someone that has "fully-automatics."

6. On July 7, 2022, MORRIS met with the UC in Dallas County, Texas. During the meeting MORRIS sold the UC a Glock, model 19, 9mm pistol, SN: BTWT628 and a Glock switch. MORRIS told the UC that on July 4th MORRIS had put the switch on the Glock, and it fired full auto (i.e. fully automatic). MORRIS told the UC that the Glock had jammed but he didn't think it was because of the switch. At the conclusion of the meeting, ATF law enforcement personnel arrested MORRIS. In his front right pocket, MORRIS had a loaded Glock, Model 43, 9 millimeter pistol, bearing serial number AFLP629. The firearm was not in a holster.

7. After MORRIS was in custody, I examined the Glock switch further. Based on my training and experience from handling Glock switches through past investigations, I have probable cause to believe that the switch meets the definition of a machinegun.

8. After his arrest, MORRIS was transported to the Dallas Police Department (DPD) Southeast Patrol Division. In a recorded interview room, I read MORRIS his *Miranda* rights from ATF Form 3200.4. MORRIS acknowledged he understood and signed the form. MORRIS then admitted to selling the Glock switch to the UC. MORRIS stated he was lying about shooting the switch to appear more credible.

MORRIS stated he got the switch through multiple contacts, but he did not want to disclose any names.

### National Firearms Registration and Transfer Record Query

9. On July 7, 2022, ATF conducted a query of the National Firearms Registration and Transfer Record (NFRTR) using MORRIS' identifying information. The query showed MORRIS does not have any NFA weapons registered to him.

### CONCLUSION

10. Based on the foregoing facts and circumstances, I respectfully submit that there is probable cause to believe that on July 7, 2022, within the Dallas Division of the Northern District of Texas, Armani MORRIS committed the crime of Possession of an Unregistered Firearm in violation of 26 U.S.C. §§ 5841, 5845, and 5861(d); to wit: MORRIS did knowingly possess one Glock switch that is a machinegun as defined in 26 U.S.C. 5845(b); that MORRIS knew of the characteristics of the Glock switch that caused it to be a machinegun; that the Glock switch was or could readily have been put in operating condition; and that the Glock switch was not registered to MORRIS in the National Firearms Registration and Transfer Record; all in violation of 26 U.S.C. §§ 5841, 5845 and 5861(d).

_____
Joseph Tessitore, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Agent sworn and signature confirmed via reliable electronic means, pursuant to Fed. R. Crim. P. 4.1 on this __8__ day of July 2022.

_____
IRMA C. RAMIREZ
UNITED STATES MAGISTRATE JUDGE