


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

ARMANI MORRIS (01)

NO. 3:22-CR-296-X

## FACTUAL RESUME

In support of Armani Morris's plea of guilty to the offense in Count One of the indictment, Morris, the defendant, Suzy Vanegas, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the indictment, charging a violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D), that is, Engaging in the Business of Dealing in Firearms Without a License, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*   That the defendant was a person engaged in the business of selling firearms at wholesale or retail beginning on or about March 1, 2021, and continuing through on or about July 7, 2022, as charged in the indictment;

*Second.*   That the defendant engaged in such business without a license issued under federal law; and

*Third.*   That the defendant did so willfully, that is, that the defendant was dealing in firearms with knowledge that his conduct was unlawful.

---

[1] Fifth Circuit Pattern Jury Instruction 2.43A (5th Cir. 2019).

## STIPULATED FACTS

1. Armani Morris admits and agrees that beginning on or about March 1, 2021, and continuing through on or about July 7, 2022, in the Dallas Division of the Northern District of Texas, the defendant, Armani Morris, not being a licensed dealer of firearms within the meaning of Chapter 44 of Title 18, United States Code, did willfully engage in the business of dealing in firearms, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D).

2. More specifically, from on or about March 1, 2021, and continuing through on or about July 7, 2022, Marris engaged in the business of selling at least 52 firearms at wholesale or retail prices without a license issued under federal law to engage in the business of dealing in firearms.

3. Morris knew that his conduct of dealing in firearms was unlawful because he had been specifically informed that it was illegal. On December 16, 2021, Special Agents from the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) served Morris with an administrative cease-and-desist letter that explained the definition of dealing in firearms without a license.

4. Thereafter, Morris continued to purchase and sell firearms. On April 7, 2022, ATF agents again met with Morris at his residence and conducted a voluntary recorded interview. Morris acknowledged that he read the prior cease-and-desist letter served on him in December, but said that he had not wanted to sign it. The agents then asked Morris about his purchases of at least 54 firearms, and Morris could only account for two of the firearms. Morris admitted that he had been selling firearms through what

he called "private sales" and provided 12 documents that he referred to a bills-of-sale documenting the sale of 15 firearms.

5. Morris criminally engaged in the regular and repetitive purchase and disposition of these firearms with the principal objective of making a livelihood and/or pecuniary gain. When agents met with Morris on April 7, 2022, Morris discussed his income. Morris said he had spent all his income on firearms. While Morris sought to sell the firearms to make a profit, Morris admitted that the firearms were turning out to be a bad investment. Based on Morris' known income between March 2021 and March 2022, Morris spent approximately $24,500 on firearms during that time period.

6. Despite warnings from agents and cease-and-desist letters, Morris continued to engage in the business of dealing in firearms without a license. On May 4, 2022, an undercover ATF agent (UC) met with Morris in Dallas County, Texas and purchased two AR-type pistols with a 50-round drum magazine loaded with 42 rounds of .223-caliber ammunition for $1,700 in United States currency. Next, on June 16, 2022, the UC met with Morris in Dallas County, Texas, and purchased a Smith & Wesson, model M&P Shield, 9mm caliber pistol, bearing serial number HVX3276; a Kahr Arms, model CM9, 9mm caliber pistol, bearing serial number G004097, a partially complete AR-type pistol, and 100 rounds of 9mm ammunition for $1,450 in United States currency. Finally, on July 7, 2022, Morris met with the UC in Dallas County, Texas, and for $1,100 in United States currency, Morris sold the UC a Glock, model 19, 9mm caliber pistol, bearing serial number BTWT628 with two magazines, 18 rounds of 9mm ammunition, and a Glock switch that Morris told the UC that Morris had put the switch

on the Glock three days earlier and that it fired fully automatic. Morris was then arrested. After his arrest, ATF agents found that Morris had in his front right pocket a loaded Glock, Model 43, 9mm caliber pistol, bearing serial number AFLP629.

7. Morris further admits, agrees, and stipulates that the Smith & Wesson, model M&P Shield, 9mm caliber pistol, bearing serial number HVX3276; the Kahr Arms, model CM9, 9mm caliber pistol, bearing serial number G004097, the partially complete AR-type pistol; the Glock, model 19, 9mm caliber pistol, bearing serial number BTWT628, with two magazines; a Glock switch; and the Glock, model 43, 9mm caliber pistol, bearing serial number AFLP629, were possessed in a manner contrary to federal law that makes them subject to forfeiture. Therefore, these items are subject to forfeiture along with and any ammunition and magazines recovered with the firearms.

8. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose

[Nothing further on this page.]

of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the indictment.

AGREED TO AND STIPULATED on this 2nd day of January, 2023.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
ARMANI MORRIS
Defendant

_____
SUZY VANEGAS
Attorney for Defendant

_____
WALT M. JUNKER
Assistant United States Attorney
Texas State Bar No. 24038115
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Tel: 214-659-8600
Fax: 214-659-8805
Email: walt.junker@usdoj.gov